IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                              PETITIONER

v.                    Case No. 3:10-mc-4-DPM

OSCEOLA NURSING HOME LLP
d/b/a OSCEOLA HEALTHCARE                                                RESPONDENT

ORDER

The Court held the scheduled hearing on 7 January 2011. Petitioner Equal Employment Opportunity Commission appeared through counsel. Respondent Osceola Nursing Home LLP d/b/a Osceola Healthcare did not appear. The Court's file reflects adequate service of the Order to Show Cause setting the hearing on Stafford Kees, Jr., Respondent's registered agent. *Document No. 6.*

Based on the facts established by the papers in the docket, and the arguments of counsel at the January 7th hearing, Petitioner has shown good cause — indeed the necessity — for an order of this Court requiring Respondent to comply with the EEOC's July 2010 subpoena, which is attached to this Order.

The Court therefore orders Respondent Osceola Nursing Home LLP d/b/a Osceola Healthcare to respond — fully, completely, and promptly — to the EEOC's July 2010 subpoena by 31 January 2011.

The Court will hold a status/evidentiary hearing at 2:00 p.m. on 11 February 2011 in the Richard Sheppard Arnold United States Courthouse, 600 West Capitol Ave., Room B155, Little Rock, Arkansas 72201. Petitioner and Respondent are ordered to appear. As an entity, Respondent must be represented by counsel at the hearing. The Court authorizes both parties to subpoena witnesses, documents, and things as may be needed for the hearing.

If Respondent Osceola Nursing Home LLP d/b/a Osceola Healthcare fails to respond to the EEOC's July 2010 subpoena fully and completely as ordered by 31 January 2011, then the Court will take evidence and hear argument at the February 11th hearing on the appropriate sanction. Among other things, this sanction may include one of these things: holding Respondent in contempt, imposing a fine, and drawing adverse inferences about the missing records as allowed by law. *E.g.*, 42 U.S.C.A. § 2000e–8(c) (creating duty to preserve records); 29 C.F.R. § 1602.14 (extending duty to preserve personnel records until final disposition of charge of discrimination

or action).

The Court directs the United States Marshal to serve this order on Osceola Nursing Home LLP's registered agent for service, Stafford Kees, Jr., at 203 Hiram Rd., Heber Springs, Arkansas 72543, as soon as possible and in person if possible.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

11 January 11

EEOC Form 136
(11/09)

# UNITED STATES OF AMERICA
## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# SUBPOENA

TO: Stafford Kees, Jr.  
Registered Agent  
Osceola Nursing Home d/b/a Osceola Healthcare  
203 Hiram Road  
Heber Springs, AR 72543

NO: 490-A10-17

IN THE MATTER OF: Christian Taylor, Libby Wilhite, Jenny Barton, and Veronica Thomas v. Osceola Healthcare (Charge Nos. 493-2010-00061; 493-2010-00062; 493-2010-00063; 846-2010-03662)

Charge No.

Having failed to comply with previous request(s) made by or on behalf of the undersigned Commission official, YOU ARE HEREBY REQUIRED AND DIRECTED TO:

☐ Testify before:        ☒ Produce and bring * or    ☒ Mail * the documents described below to:

☐ Produce access to the evidence described below for the purpose of examination or copying to:

Virginia Pollard, Supervisory Investigator         of the Equal Employment Opportunity Commission

at 820 Louisiana St., Suite 200, Little Rock, AR 72201    on July 26, 2010    at 10:00 am    o'clock

The evidence required is

SEE ATTACHED PAGES 3- 5 FOR DESCRIPTIONS OF REQUIRED DOCUMENTS TO PRODUCE.

EXHIBIT  
Attachment 9  
Collective

This subpoena is issued pursuant    ☒ (Title VII) 42 U.S.C. 2000e-9    ☐ (ADEA) 29 U.S.C. 626(a)    ☐ (EPA) 29 U.S.C. 209  
                                    ☐ (ADA) 42 U.S.C. 12117(a)         ☐ (GINA) 42 U.S.C. 2000ff-6

ISSUING OFFICIAL (Typed name, title and address)         ON BEHALF OF THE COMMISSION

Katharine W. Kores, District Director  
1407 Union Avenue, Suite 901  
Memphis, TN 38104

_Katha L Kores_    7/14/10  
Date



*NOTICE TO PERSON SUBPOENAED - The Commission will not pay witness fees or travel expenses for the delivery of required documents to a Commission office unless the box "Testify before" is also checked on the subpoena.

## SUBPOENA
### PROOF OF SERVICE

I hereby certify that being over 18 years of age and not a party to or any way interested in these proceedings, I duly served a copy of the subpoena on the persons named in this subpoena.

☐ in person

☒ by certified mail

☐ by leaving a copy with a responsible person, at the principal office or place of business, to wit:

**Name** Stafford Kees, Jr.

**Position** Registered Agent/ Owner

**Address** 203 Hiram Road/Heber Springs, AR 72543

On  JUL 14 2010
      (Mo, day & year)

_(Signature of person making service)_

Legal Technician
_(Official title, if any)_

**State** Tennessee

**Parish/County** Shelby

### CERTIFICATION OF ATTENDANCE

I certify that the person named herein was in attendance and satisfactorily produced the records requested or gave oral testimony at

On _____
       (Mo, day & year)

_____
(Signature of person making service)

_____
(Official title, if any)

Page 2 of Form 136 (11/09)

# SUBPOENA

Attachment to Subpoena    490-A10-17    Date _____ in Charge No. _____See Below_____

| | |
|---|---|
| Christian Taylor v. Osceola Healthcare | (Charge No. 493-2010-00061) |
| Libby Wilhite v. Osceola Healthcare | (Charge No. 493-2010-00062) |
| Jenny Barton v. Osceola Healthcare | (Charge No. 493-2010-00063) |
| Veronica Thomas v. Osceola Healthcare | (Charge No. 493-2010-03662) |

1. Provide a copy of your organization's Articles of Incorporation and any other documents that detail the legal status of your organization (i.e., corporation, partnership, etc.) and its relationships, if any, to other superior or subordinate incorporated entities. Include documents that identify the state of incorporation, legal name and address, and owner(s) of your organization.

2. Provide a copy of the complete personnel files for David Threlkeld and Jacquelyn Lacy including, but not necessarily limited to, their respective employment applications, evaluations, any personnel changes (promotions/demotions), counseling and discipline actions, and payroll records.

3. Submit a copy of the employee handbook for your organization; if no employee handbook exists, provide a copy of all written rules, policies, and procedures relating to employee duties and conduct.

4. Provide documents that list all employees who were employed by your organization from May 1, 2009 to the present. Submitted documents should include full-time and part-time employees.

5. Supply documents which identify the principal product or service of the named Osceola Nursing Home d/b/a Osceola Healthcare.

6. Provide a complete copy of the personnel file and record for Christian Taylor, Libby G. Wilhite, Jenny Barton, and Veronica Thomas. Include a copy of the following documents, if applicable:

    a. employment application(s);
    b. performance review(s);
    c. payroll information;
    d. counseling or discipline;
    e. personnel change(s);
    f. separation notice;

7. Regarding the discharge of Christian Taylor, Libby G. Wilhite, Jenny Barton, and Veronica Thomas, submit a copy of any documents in your possession that detail the following information:

    a. date of discharge;
    b. reason for discharge;
    c. whether the charging party had any right of appeal, and whether the charging party made use of any appeal rights;
    d. person recommending the discharge, including name, sex, and position held;

# SUBPOENA

Attachment to Subpoena ___490-A10-17___ Date _____ in Charge No. ___See Below___

| | |
|---|---|
| Christian Taylor v. Osceola Healthcare | (Charge No. 493-2010-00061) |
| Libby Wilhite v. Osceola Healthcare | (Charge No. 493-2010-00062) |
| Jenny Barton v. Osceola Healthcare | (Charge No. 493-2010-00063) |
| Veronica Thomas v. Osceola Healthcare | (Charge No. 493-2010-03662) |

(Continued from Previous Page)

   e. person making final decision to discharge the charging party, including name, sex, and position held;
   f. copy of all pertinent documents regarding charging party's discharge, including any investigation reports.

8. Provide a copy of any written policy and document which describes or details your discharge procedures in effect from May 1, 2009 to the present.

9. Provide documents that identify all employees who committed the same or substantially similar offense(s) that Christian Taylor, Libby G. Wilhite, Jenny Barton, and Veronica Thomas committed, and the disciplinary action taken against each such employee. Include documents that identify such employees by name, sex, and title.

10. Provide records and documents that list all employees discharged during the relevant period. For each employee, include documents that list the employee's name, sex, position title, and reason for discharge. Include a copy of the separation notice for each person.

11. Provide copies of any complaints or reports made by Christian Taylor, Libby G. Wilhite, Jenny Barton, and Veronica Thomas, regarding the conduct described in their respective charges of discrimination. Include documents that identify the person with whom the complaint was registered and when such complaint was made.

12. Provide copies of any documents which reflect the actions taken as a result of the complaint(s) lodged by Christian Taylor, Libby G. Wilhite, Jenny Barton, and Veronica Thomas.

13. Provide all documents relating to any complaints made against David Threlkeld or Jacquelyn Lacy regarding possible violations of the sexual harassment policy. Provide documents that include the name of the individual(s) making the allegation(s), when the allegation was made, the nature of each such allegation, any investigation done as a result of the allegation, and any subsequent disciplinary actions regarding the allegation(s).

14. Provide documents which identify all officials, if any, within your organization who received notification of, or knew of the allegations of discrimination made by Christian Taylor, Libby G. Wilhite, Jenny Barton, and Veronica Thomas. For each official, include documents or records which reflect when they were notified of the charge, the nature of the notification, and the official's response.

## SUBPOENA

Attachment to Subpoena   490-A10-17   Date _____ in Charge No. _____See Below_____

| | |
|---|---|
| Christian Taylor v. Osceola Healthcare | (Charge No. 493-2010-00061) |
| Libby Wilhite v. Osceola Healthcare | (Charge No. 493-2010-00062) |
| Jenny Barton v. Osceola Healthcare | (Charge No. 493-2010-00063) |
| Veronica Thomas v. Osceola Healthcare | (Charge No. 493-2010-03662) |

15. Provide documents and records for any personnel actions involving Christian Taylor, Libby G. Wilhite, Jenny Barton, and Veronica Thomas that occurred after the earliest date any official in your organization received notification of Christian Taylor, Libby G. Wilhite, Jenny Barton, and Veronica Thomas' respective allegations of discrimination.

16. Provide copies of any documents or records which describe or relate to the demotion policies and procedures for your organization from May 1, 2009 to the present. Submit documents and records that describe the criteria for demotion decisions, that identify by name and title employees involved in the demotion process, and the applicability of a union contract, if any such contact is implicated by the policy.

17. Submit documents and records relating to the demotion of Charging Party Veronica Thomas. Provide documents that include the following:

    a. date of demotion and reason
    b. name, sex and position title of individual(s) making recommendation to demote
    c. name, sex and position title of individual(s) making final decision to demote

On Behalf of the Commission:

_Katha L Gores_
District Director
Date: 7/14/10

CC: David Threlkeld
Administrator
Osceola Nursing Home d/b/a Osceola Healthcare
287 S. Country Club Rd.
Osceola, AR 72370

Stafford Kees, Jr.
Owner
Osceola Nursing Home d/b/a Osceola Healthcare
11711 Hermitage, Suite 5
Little Rock, AR 72211

Page 5 of Form 136 (11/09)

**U.S. Postal Service**
**CERTIFIED MAIL. RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark JUL 19 2010

Sent To: Stafford Nees, Jr. Owner
Osceola Nursing Home dba Osceola Healthcare
Street, Apt. No.; or PO Box No.: 11711 Hermitage, Suite 5
City, State, ZIP+4: Little Rock, AR 72211

PS Form 3800, June 2002           See Reverse for Instructions

7004 1350 0000 6358 5432

---

**U.S. Postal Service**
**CERTIFIED MAIL. RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark JUL 19 2010

Sent To: David Threlkeld, Administrator
Osceola Nursing Home dba Osceola Healthcare
Street, Apt. No.; or PO Box No.: 287 S. Country Club Rd.
City, State, ZIP+4: Osceola, AR 72370

PS Form 3800, June 2002           See Reverse for Instructions

7005 1820 0002 1176 2631

---

**U.S. Postal Service**
**CERTIFIED MAIL. RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark JUL 19 2010

Sent To: Stafford Nees, Jr. Registered Agent
Osceola Nursing Home dba Osceola Healthcare
Street, Apt. No.; or PO Box No.: 203 Hiram Rd
City, State, ZIP+4: Heber Springs, AR 72543

PS Form 3800, June 2002           See Reverse for Instructions

7004 1350 0000 6358 5425